UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREA M. CROCKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:16-cv-00975-NCC ) |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Andrea M. Crocker ("Plaintiff") for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et seq.*, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff filed a brief in support of the Complaint (Doc. 14), Defendant filed a brief in support of the Answer (Doc. 19), and Plaintiff filed a reply (Doc. 20). The Parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 9).

## I. PROCEDURAL HISTORY

Plaintiff filed her applications for DIB and SSI on March 8, 2011 (Tr. 263-272). Plaintiff was initially denied on September 19, 2011, and she filed a Request for Hearing before an Administrative Law Judge ("ALJ") (Tr. 111-12, 163-67). After a hearing, by decision dated

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

March 25, 2013, the ALJ found Plaintiff not disabled (Tr. 121-42). The Appeals Council granted review and remanded the case for a new hearing (Tr. 143-46). After a new hearing on November 20, 2014, the ALJ issue another unfavorable decision on January 21, 2015 (Tr. 20-36). On April 27, 2016, the Appeals Council issued a decision denying Plaintiff's request for review (Tr. 1-6). As such, the ALJ's January 21, 2015 decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since January 1, 2011, the alleged onset date (Tr. 23). The ALJ found Plaintiff has the severe impairments of degenerative disc disease with a herniated nucleus pulposus,[2] irritable bowel syndrome,[3] obesity, depression and general anxiety disorder but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 23-24). After considering the entire record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform a sedentary work with the following limitations (Tr. 27). She can occasionally stoop, kneel, crouch, or crawl; can never climb stairs, ramps, ladders, ropes, or scaffolds; should avoid hazards such as unprotected heights and dangerous machinery; would be limited to simple, routine, repetitive tasks with simple work related decisions; and can have only superficial

---

[2] A herniated nucleus puposus, also known as a herniated or slipped disk, is a "potentially painful problem in which the hard outer coating of the disk is damaged, allowing the disk's jelly-like center to leak and cause irritation to adjacent nerves." *Herniated Disc (Slipped Disk)*, Nat'l Inst. of Health, https://www.ncbi.nlm.nih.gov/pubmedhealth/PMHT0024495/ (last visited Aug. 23, 2017).

[3] "[Irritable bowel syndrome] is a chronic disorder that affects the large intestine and causes symptoms such as abdominal pain, cramping, constipation, and diarrhea." *Irritable Bowel Syndrome: In Depth*, Nat'l Dept. for Complementary & Integrative Health, https://nccih.nih.gov/health/digestive/IrritableBowelSyndrome.htm#hed2 (last visited Aug. 23, 2017).

2

interactions with the general public and coworkers, meaning she should deal with things instead of people (*Id.*). The ALJ found Plaintiff is unable to perform any past relevant work, but that there are jobs that exist in significant numbers in the national economy that she can perform, including final assembler, document preparer, and grinding machine operator (Tr. 35-36). Thus, the ALJ concluded that a finding of "not disabled" was appropriate (Tr. 36). Plaintiff appeals, arguing a lack of substantial evidence to support the Commissioner's decision.

### III. LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "'If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled.'" *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ." *Id.* "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d).

3

If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). *See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's

conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox*, 495 F.3d at 617. Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

## IV. DISCUSSION

In her appeal of the Commissioner's decision, Plaintiff asserts that the ALJ erred in failing to properly weigh the medical opinions of Lauretta V. Walker, Ph.D., Dr. James W. Morgan, Ph.D., and Thomas J. Spencer, Psy.D. (Doc. 14 at 9). Specifically, Plaintiff asserts that the ALJ failed to consider all of the factors in his analysis of these nontreating physicians. 20 C.F.R. §§ 404.1527(c), 419.927(c). As the Plaintiff correctly asserts, the ALJ must consider the following factors in determining the appropriate weight to give any medical opinion: length and frequency of the treatment relationship; nature and extent of the treatment relationship; evidence provided by the source in support of the opinion; consistency of the opinion with the record as a whole; and the source's level of specialization. 20 C.F.R. §§ 404.1527(c); 416.927(c). As an initial matter, the Court notes that "[w]hile an ALJ must consider all of the factors set forth in 20 CFR § 404.1527(d), [s]he need not explicitly address each of the factors." *Scott v. Berryhill*, No. 4:16CV80 PLC, 2017 WL 2645838, at *5 (E.D. Mo. June 20, 2017) (internal quotation marks omitted). For the following reasons, the Court finds that Plaintiff's argument is without merit, and that the ALJ's decision is based on substantial evidence and is consistent with the Regulations and case law.

**A. The Opinion of Lauretta V. Walker**

Lauretta V. Walker, Ph.D. ("Dr. Walker"), a clinical psychologist acting as a consultative examiner hired by the Social Security Administration, examined Plaintiff on August 23, 2011 (Tr. 729). In her Psychological Report, Dr. Walker diagnosed Plaintiff with the following mental disorders: bipolar disorder[4] not otherwise specified, undifferentiated somatoform disorder,[5] panic

---

[4] "Bipolar disorder, also known as manic-depressive illness, is a brain disorder that causes unusual shifts in mood, energy, activity levels, and the ability to carry out day-to-day tasks."

6

disorder without agoraphobia, situational phobia (night/dark), and personality disorder not otherwise specified (dependent/avoidant) (Tr. 728-29). Dr. Walker found Plaintiff to be able "to understand and follow directions and make decisions" and "get along with others on the job" (Tr. 729). Dr. Walker also indicated that Plaintiff could "probably handle funds in her best interest" (*Id.*). However, Dr. Walker also opined that Plaintiff "is not reliable because she will have too much pain or become panicked and not be able to go to work" (*Id.*). Dr. Walker concluded that Plaintiff has many medical problems at this point but eventually may learn to cope better, noting that Plaintiff needs to be on appropriate medication and needs to have some supportive or directive therapy for her emotional problems (*Id.*).

The Court finds that the ALJ gave the proper weight to Dr. Walker's opinion. The ALJ afforded Dr. Walker's opinion little weight (Tr. 32). In doing so, the ALJ correctly indicated that Dr. Walker was not Plaintiff's treating psychologist and determined that, therefore, Dr. Walker had little opportunity to examine the Plaintiff or to become familiar with the Plaintiff's symptoms or limitations for an extended period (Tr. 32). Indeed, "length of treatment relationship [is] one factor to consider when weighing doctor's opinion." *Fentress v. Berryhill,* 854 F.3d 1016, 1020 (8th Cir. 2017) (citing 20 C.F.R. § 404.157(c)).

Next, the ALJ found that the opinion was not consistent with the objective medical evidence as a whole (Tr. 32). *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining

---

*Bipolar Disorder*, Nat'l Inst. of Mental Health, https://www.nimh.nih.gov/health/topics/bipolar-disorder/index.shtml (last visited Aug. 25, 2017).

[5] Somatoform disorder also known as somatic symptom disorder "involves having a significant focus on physical symptoms — such as pain or fatigue — to the point that it causes major emotional distress and problems functioning." *Somatic symptom disorder*, Mayo Clinic, http://www.mayoclinic.org/diseases-conditions/somatic-symptom-disorder/basics/definition/con-20124065 (last visited Aug. 25, 2017).

7

physicians. The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole."). While the record is largely void of any mental health records, those records that do address Plaintiff's mental health impairments prior to this consultative exam indicate that Plaintiff has anxiety and is occasionally anxious, but that she is in "no acute distress," is "awake and alert" and has "proper orientation to time, place and person." (*See, e.g.,* Tr. 438, 601, 619). This evidence directly contradicts Dr. Walker's opinion that Plaintiff is not reliable because she may become panicked and not be able to go to work (Tr. 729). *See Hilderbrand v. Berryhill*, No. 4:16-CV-405 (CEJ), 2017 WL 2618269, at *23 (E.D. Mo. June 16, 2017) (finding the ALJ's decision supported by substantial evidence when the ALJ gave the medical opinion of a consultative examiner "minimal weight" relying, in part, on its inconsistency with the record as whole including records that indicated that despite plaintiff's diagnosis, she had normal mental status findings).

The ALJ also found Dr. Walker's opinion to be largely based on the Plaintiff's subjective complaints and not any objective testing (Tr. 33). *See Cline v. Colvin*, 771 F.3d 1098, 1104 (8th Cir. 2014) (Commissioner may give treating physician's opinion less deference when it is based on claimant's subjective complaints rather than objective medical evidence). *See also Kirby*, 500 F.3d 705, 709 (8th Cir. 2007) (providing that an ALJ is entitled to give less weight to a medical source opinion where the opinion is based on a claimant's subjective complaints rather than on objective medical evidence). Indeed Dr. Walker's opinion largely repeats what Plaintiff told her during the examination. For example, Dr. Walker's analysis includes: "She used to like to go fishing, to the movies and out to dinner as well as well as to the park. She said she can't do any of those things anymore. When she is around crowds she will start panicking and will become

shaky inside" (Tr. 728). *See McCoy v. Astrue*, 648 F.3d 605, 616-17 (8th Cir. 2011) (noting the ALJ may reject a medical opinion if it is "inconsistent with the record as a whole" or "based, at least in part, on [the claimant's] self-reported symptoms" where the claimant is deemed not credible.).

**B. The Opinion of James W. Morgan**

Dr. James W. Morgan, Ph.D. ("Dr. Morgan"), a non-examining state agency physician, reviewed the evidence of record on September 19, 2011 and issued a psychiatric review document (Tr. 757-67) and a mental residual functional capacity assessment (Tr. 768-70). The ALJ correctly addressed both documents as they both include Dr. Morgan's opinions regarding Plaintiff's functional limitations (Tr. 757-70). In the psychiatric review document, under the heading "Rating of Functional Limitations," Dr. Morgan opined that Plaintiff would have a moderate degree of limitation in the following areas: restrictions of activities of daily living; difficulties in maintaining social functioning; and difficulties in maintaining concentration, persistence, or pace (Tr. 765). Dr. Morgan concluded that "[i]t is reasonable the [Plaintiff] would be able to sustain simple, repetitive tasks away from the public" (Tr. 767). In his mental residual functional capacity assessment, Dr. Morgan found Plaintiff moderately limited in the following areas: the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to work in coordination with or proximity to others without being distracted by them; the ability to interact appropriately with the general public; the ability to accept instructions and respond appropriately to criticism from supervisors; and the ability to set realistic goals or make plans independently of others (Tr. 768-69).

9

The ALJ afforded Dr. Morgan's opinion significant weight because, while Dr. Morgan was a non-examining psychologist, his opinion "was consistent with and supported by the record when considered in its entirety" (Tr. 34). *Krogmeier*, 294 F.3d at 1023. *See also* 20 C.F.R. § 416.927 ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give that opinion"). Indeed, upon review of the entire record, the Court concurs. For example, records indicate that Plaintiff has good insight, appropriate judgment, and even, at times, no symptoms of anxiety (Tr. 453, 548). Plaintiff also repeatedly presented with appropriate affect and mood (*See, e.g.,* Tr. 436, 438, 969). Further, a prior review of the record by non-examining state agency physician Paul J. Lloyd, Ph.D. ("Dr. Lloyd") dated October 22, 2010 also supports Dr. Morgan's opinion (Tr. 552-62). Dr. Lloyd indicates that Plaintiff only received treatment from a Family Nurse Practitioner and has not needed any emergent or inpatient hospitalization due to any mental health impairment (Tr. 562). While Dr. Lloyd states Plaintiff was taking medication for anxiety and has a history of depression and anxiety and generalized anxiety disorder, he also noted that Plaintiff generally has no change of sleep patterns, difficulty focusing, hyperactivity, depression, moodiness, obsessive thoughts, compulsions or disturbing thoughts (*Id.*).

Finally, the Court notes that Dr. Morgan not only had access to, but also references and appears to incorporate some of Dr. Walker's findings (Tr. 767). Again, as there were no records at the time of any mental health treatment provided by mental health providers, this is proper. *See* 20 C.F.R. §§ 404.1519a, 416.919a, ("We may purchase a consultative examination to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on your claim.").

**C. The Opinion of Thomas J. Spencer**

Thomas J. Spencer, Psy.D. ("Dr. Spencer"), a licensed psychologist acting as a consultative examiner hired by the Social Security Administration, examined Plaintiff on December 22, 2014 (Tr. 948-51). In his Psychological Report, Dr. Spencer diagnosed Plaintiff with the following mental disorders: mood disorder NOS[6] and anxiety disorder NOS (Tr. 950). Dr. Spencer opined that Plaintiff "retains the ability to understand and remember simple instructions," and "the ability to engage and persist with simple tasks" (Tr. 951). He further opined that Plaintiff "demonstrated moderate impairment in her ability to interact socially and in her ability to adapt to change in the workplace" (*Id.*). Dr. Spencer also indicated that Plaintiff "did not appear to need assistance in managing her benefits" (*Id.*).

The ALJ afforded Dr. Spencer's opinion significant weight because, although he is not a treating psychologist, "he was given the opportunity to examine the claimant" (Tr. 33). Further, the ALJ noted that Dr. Spencer has a history of completing consultative examinations for the Social Security Administration and is, therefore, familiar with the Administration's regulations and practices (Tr. 33). 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) (State agency medical consultants are highly qualified experts in Social Security disability evaluation; therefore, ALJs must consider their findings as opinion evidence); *Kamann v. Colvin*, 721 F3d 945, 951 (8th Cir. 2013) (State agency psychologist's opinion supported ALJ's finding that claimant could work despite his mental impairments); *Casey v. Astrue*, 502 F.3d 687, 694 (8th Cir. 2007) (finding ALJ did not err in considering State agency psychologist's opinion along with the medical evidence as a whole).

---

[6] NOS stands for not otherwise specified.

The ALJ noted that Dr. Spencer's opinion was well-supported by medically acceptable clinical and laboratory diagnostic techniques and the substantial evidence in the record. As previously indicated, the record is largely void of mental health records and to what extent they do exist, Plaintiff appears oriented to time, place, and person, awake and alert, not in any acute distress, demonstrating appropriate judgment and good insight (Tr. 453, 548, 484, 529, 540). For example, in a treatment note dated December 2, 2011, Dr. Patrick Oruwari ("Dr. Oruwari"), a psychiatrist, noted that while Plaintiff's mood was depressed and her affect constricted, Plaintiff was coherent, logical, and goal-directed (Tr. 907). Like Dr. Oruwari, Dr. Stephen K. Smith, also a psychiatrist, found Plaintiff to have anxiety and referred Plaintiff to counseling (Tr. 907, 940). There is nothing in the record to indicate that Plaintiff followed up with these recommendations.

Finally, it is the duty of the Commissioner to resolve conflicts in the medical opinion evidence and, when assessing a claimant's RFC, an ALJ need not credit the entirety of a medical opinion or directly correlate a medical opinion to the RFC. *Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012); *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). The ALJ properly incorporated the Plaintiff's credible mental impairment limitations in his determination of Plaintiff's RFC. As indicated above, the ALJ found Plaintiff to have the severe mental impairments of depression and general anxiety disorder (Tr. 23). In his RFC determination, the ALJ included the following non-exertional limitations: simple, routine, repetitive tasks with simple work related decisions; only superficial interactions with the general public and coworkers (Tr. 27). These significant limitations indicate that the ALJ reviewed and gave credit to the mental health opinions of record, where supported by objective medical evidence. *See Choate v. Barnhart*, 457 F.3d 865, 870 (8th Cir. 2006).

## V. CONCLUSION

For the reasons set forth above, the court finds that substantial evidence on the record as a whole supports the Commissioner's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED, with prejudice**.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 21st day of September, 2017.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE